UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:22-cr-386 |
| | : | |
| ANTHONY DRAPER | : | |

**O P I N I O N**
Motion for Compassionate Release, ECF No. 59 - Denied

**Joseph F. Leeson, Jr.**                                                           **October 28, 2024**
**United States District Judge**

**I.     INTRODUCTION**

Anthony Draper has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), averring that he is the only caregiver for his ailing eighty-year-old mother. As of now, Draper has served approximately thirty-three (33) of a sixty-eight (68) month sentence for possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. The Government opposes release. For the reasons set for below, the Motion is denied.

**II.    BACKGROUND**

On November 1, 2022, an Indictment was filed against Draper charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(B) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). These charges arose from a January 13, 2022, traffic stop, conducted after Draper failed to stop at a stop sign and turned without activating his signal. PSR ¶ 13. When Draper was removed from the vehicle, the officer observed clear plastic knotted bags

containing cocaine protruding from Draper's sweatshirt.  *Id*.  Draper attempted to flee on foot but was restrained and arrested.  *Id*.

A search at the Allentown Police Department headquarters yielded "one clear sandwich bag containing 38 small, clear sandwich baggies of crack cocaine weighing approximately 15 grams; one clear sandwich bag containing two small clear sandwich baggies containing crack cocaine weighing approximately 5 grams; one clear bag containing two small bags containing approximately one gram of crack cocaine; and one small clear bag containing an unknown amount of crack cocaine."  *Id*. ¶ 14.  A subsequent search of Draper's vehicle yielded a 9mm Glock, seventeen and ten round magazines, and various drug dealing paraphernalia.  *Id*.  ¶ 15.

On July 7, 2023, Draper pled guilty to both counts.  He was sentenced to a total term of sixty-eight (68) months on October 2, 2023.  That sentence is below the guideline range of 106 to 117 months.  On September 9, 2024, Draper filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See* Mot., ECF No. 59.  In support, Draper asserts that his eighty-year-old mother is suffering from a terminal illness and is in desperate need of him, her only caregiver.  As a result of her illness, Ms. Draper is having difficulty maintaining her home and attending medical appointments.  On October 15, 2024, the Federal Public Defender filed a Supplemental Motion for Compassionate Release.  *See* ECF No. 62.  The Government opposes Draper's release or a reduction in sentence, arguing that Draper has failed to show he is his mother's only caretaker and, notwithstanding, release is not warranted given the Section 3553 factors.  *See* ECF No. 64.

For the reasons that follow, the Court denies the Motion.

### III. LEGAL STANDARD

    **A.**     **Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) – Review of Applicable Law**

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[1] This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty (30) days to consider the request. After exhaustion, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). The § 3553(a) sentencing factors include, but are not limited to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

---

[1]   Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA") but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

> . . .
> [4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
> . . .

18 U.S.C. § 3553(a).  The Sentencing Commission issued a policy statement defining "extraordinary and compelling reasons" as: (1) medical conditions of the defendant; (2) health deteriorations in the defendant as a result of old age; (3) family circumstances; and (4) "other reasons" as determined by the Director of the Bureau of Prisons.  *See United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (discussing USSG § 1B1.13 cmt. n.1).[2]

---

[2]   The Commission's policy statement on compassionate-release motions at § 1B1.13 also requires the petitioner to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  USSG § 1B1.13(2).  Section 3142(g) provides:
> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

In *Andrews*, the Third Circuit Court of Appeals held that because the policy statement in § 1B1.13 is limited to motions filed by the Director of the Bureau of Prisons, it is "not binding—for courts considering prisoner-initiated motions."  *Andrews*, 12 F.4th at 259.  Nevertheless, the descriptions of "extraordinary and compelling reasons" in the policy statements can guide a court's decision.  *See id.* at 260.  Additionally, "under *Andrews*, courts are not precluded from considering dangerousness, either by looking to § 1B1.13's policy statements for guidance or as part of the § 3553(a) sentencing factors."  *United States v. Hurd*, No. 22-1084, 2022 U.S. App.

IV.     **ANALYSIS**[3]

    A.     **Extraordinary and Compelling Reasons Warranting Release**

Defendant's Motion is premised on his family circumstances.  Under Section 1B1.13(b)(3) of the Guidelines, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may form an extraordinary and compelling reason warranting release under the Act.  U.S.S.G. 1B1.13(b)(3)(C).

Draper avers that his mother Beverly, is "elderly, very sick and has life threatening illnesses."  Mot. at 1.  He further avers that she is deteriorating at an accelerated rate, making it impossible for her to "maintain her Mount Vernon home" and rendering it difficult to get to medical appointments.  *Id*. at 2.  In the Motion, Draper avers that "[f]rom the onset," he has been his mother's sole caretaker.  *Id*.  In support, Draper has also attached a letter from his mother outlining Draper's support since the onset of her illnesses.  *Id*. at 6.  He has also attached a letter from Beverly's doctor explaining her condition.  *Id.* at 7.

The Court finds that Draper has not satisfied his burden of demonstrating "extraordinary and compelling reason[s]" warranting compassionate release.  The Court is sympathetic to the condition of Mrs. Draper.  The PSR made the Court aware of her ailing health and the same was reiterated at sentencing.  However, the PSR also indicated that Mrs. Draper is cared for by a friend and that Mrs. Draper pays this friend for his/her assistance.  *Id*. ¶ 44.  Mrs. Draper also has other family in the New York area.  Draper's adopted brother Ronald lives in Harlem, his sister Charlee lives in New Rochelle, and his brother Curtis lives in Bethlehem.  *Id*. ¶ 45.  Further, the mother of Beverly's granddaughter lived with Beverly as recently as 2021.  *Id*. ¶ 47.  While the

---

LEXIS 33181, at *3 n.3 (3d Cir. Dec. 1, 2022).

[3]     Because the Government concedes that Draper has satisfied Section 3582's exhaustion requirement, the Court does not address it.

Court has no doubt Beverly's ailments are serious, Draper has not met his burden of demonstrating that he is the only available caregiver for her. *See United States v. Duprey*, No. CR 10-00101 (RK), 2024 WL 3873938 at *2 (D.N.J. Aug. 19, 2024) (finding the defendant failed to show he is the only available caregiver where his mother "has several other family members who live near[by]" and where the defendant's mother had a separate caregiver who visited.); *see also United States v. Rooks*, No. 21-CR-038, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022) (reasoning that "a defendant typically must establish that all other potential caregivers for" the family member are incapacitated.)

   **B.**   **Consideration of the Section 3553(a) Factors**

  The Court thoroughly addressed the Section 3553(a) factors at sentencing and Draper offers no compelling reason as to why the consideration of those factors should now be changed. While the Court is encouraged by Draper's disciplinary record and rehabilitation efforts, *see* ECF No. 62, Exs. A, B, that alone does not warrant release.

  In resolving a motion for compassionate release, Courts often consider the time left to be served on the inmate's sentence and the amount of time the inmate has been incarcerated. *See United States v. Staats*, 502 F. Supp. 3d 958, 961 (E.D. Pa. 2020) (granting Motion for Compassionate Release based, in part, on the inmate having served about 75% of his sentence and having committed no disciplinary infractions). Here, that consideration weighs against granting the Motion. Draper, in being sentenced to 68 months imprisonment, has received the benefit of a significant variance. Yet Draper has not served even half of that 68-month sentence. Thus, the Court finds that a reduced sentence does not reflect the severity of Draper's crimes and would create an unwarranted sentence disparity among similarly situated defendants. 18 U.S.C. 3553(a)(2), (6); *see also United States v. Larson*, 513 F. Supp. 3d 231, 234 (D. Mass. 2021)

(denying a motion for compassionate release, in part, because inmate had served less than half of a sentence already below the sentencing guidelines); *United States v. Bogdanoff*, 459 F. Supp. 3d 653, 659 (E.D. Pa. 2020) (denying a motion for compassionate release, in part, because inmate had served seven years of his 18-year sentence).

Accordingly, the Motion is denied.

## V.     CONCLUSION

Draper's Motion for Compassionate Release is denied because he has failed to show that he is the only available caregiver for his mother and because consideration of the Section 3553(a) factors counsel against release this early in his sentence.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge